UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH A. WARREN** | **CIVIL ACTION** |
| **VERSUS** | |
| **BARAK OBAMA** | **NO. 09-866-JJB-CN** |

# N O T I C E

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, December 4, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEBORAH A. WARREN

VERSUS

BARAK OBAMA

CIVIL ACTION

NO. 09-866-JJB-CN

**REPORT AND RECOMMENDATION**

The complaint in this action was filed October 9, 2009. Plaintiff's motion to proceed in forma pauperis was granted on November 2, 2009. After reading the complaint, the Court set a hearing pursuant to *Spears v. McCotter*[1] to determine whether all or any party of this case should be dismissed as frivolous. The hearing was scheduled for October 12, 2009 by Order of Court dated November 2, 2009. A review of the docket sheet indicates that the above order was mailed to Ms. Warren at the address listed. (Dkt. # 4.)

Ms. Warren failed to appear for the November 12, 2009, hearing. Therefore, the Court issued an Order setting a show cause hearing for December 4, 2009, for Ms. Warren to show why this suit should not be dismissed and other appropriate sanctions imposed for her failure to appear for the *Spears* hearing. Ms. Warren failed to appear when the case was called.[2]

In accordance with Rule 16(f) of the Federal Rules of Civil Procedure, and in

---

[1] 776 F.2d 179 (5th Cir. 1985).

[2] The record docket sheet shows that Ms. Warren received notice of both of these hearings through regular mail to the address provided to the Court, and that no returns were ever received by the Clerk.

conjunction with Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure, a civil action may be dismissed by the Court for failure to comply with the Orders of the Court.  In the present case, pro se plaintiff failed to comply with two (2) orders of this Court, i.e., the Order of November 2, 2009 and the Order of November 12, 2009.

The failure of the plaintiff to prosecute this case has effectively derailed the progress of this action, and as a practical matter, the case cannot proceed if the plaintiff does not proceed.  Barring the plaintiff from calling any witnesses or pursuing any defenses at a trial would be ineffective because in the absence of a plaintiff, there can be no such trial or hearing.  Therefore, the imposition of sanctions short of dismissal, without prejudice, would be ineffective under the circumstances of this case.  John v. State of Louisiana, et al., 828 F.2d 1129 (5th Cir. 1987).

Further, plaintiff was granted in forma pauperis status in this matter.  Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action or any part of an action, brought in forma pauperis, if satisfied that the claims asserted therein are frivolous, malicious, or fail to state a claim upon which relief may be granted.  Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis claim is properly dismissed as frivolous if the claim lacks an arguable  basis either in fact or in law.  Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  Cf., Green v. McKaskle, supra.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed

complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted". In the present case, plaintiff is suing the President of the United States for a health care package that has not been passed by Congress as of this date.  Her complaint is void of any interpretable claim that may be granted any type of relief.  Therefore, the Court finds that this case is frivolous under 28 U.S.C. 1915, *et seq*.

## **RECOMMENDATION**

It is recommended that this matter be dismissed for failure to obey the Orders of the Court, in accordance with Rule16(f) and Rule 37(b)(2)(A)(v), Federal Rules of Civil Procedure and that this action be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915.

Signed in chambers in Baton Rouge, Louisiana, December 4, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**